PLAYFORD v. LOCKARD.

(Circuit Court, E. D. Pennsylvania. January 15, 1895.)

No. 15.

EQUITY PRACTICE—PLEA TO JURISDICTION—INTERROGATORIES.
    To a bill for an accounting, propounding interrogatories to defendant as to the amounts received and paid by him, defendant filed a plea, supported by answer, averring that the court had no jurisdiction, because the amount in dispute was less than $2,000. *Held*, that the issue of fact thus presented should be determined before proceeding further with the litigation, and defendant should be required to answer the interrogatories, other questions being reserved meantime.

This was a bill in equity brought by George Playford, a citizen of the state of Ohio, against William Lockard, a citizen of Pennsylvania, resident in the city of Philadelphia.

The bill averred that on September 1, 1880, the complainant was seised in his demesne as of fee of a certain lot or piece of ground, with the tenement thereon erected, situated in the said city of Philadelphia, and particularly described in the bill; that on or about that date the complainant agreed verbally with said defendant to allow him to collect the rent arising from said property, and after paying the taxes, water rent, and interest upon incumbrances, as also the sum of $50 to the said defendant, he (the said defendant) should pay over to the said complainant the remainder of the said rent, profit, and income; that, in pursuance of said agreement, the said defendant was still collecting the said rents and income of said property, but whether he had paid the said taxes, water rent, and interest the complainant professed ignorance, and could not set forth. The bill further averred that the said defendant had refused to pay over the said residue and remainder over and above the said expenses; that the amount of said residue and remainder was not known to the complainant, but he averred that he believed and was informed that it was above the sum of $2,000. The bill prayed for an accounting, and for a writ of injunction restraining the defendant from further violating the rights of the complainant in the premises. To the end that the defendant should make full disclosure and discovery of the matters aforesaid (an answer under oath being expressly waived), the following interrogatories were propounded: (1) Whether he has received any rents, profits, or income from or arising from the premises aforesaid, and, if yea, how much, and the dates and amounts of such receipts. (2) What amounts he has paid for taxes lawfully assessed against said premises, if any, since the 1st day of September, 1880. (3) What amounts he has paid for rent due for the use of water on said premises, and how much since the 1st day of September, 1880. (4) What amounts, if any, he has paid for or on account of interest on incumbrances of the within described premises. State the amounts paid and dates of payment in detail. (5) What amount of net income from the said premises has been received by him since September 1, 1880. To this bill the defendant filed a plea, averring that the court had no jurisdiction over the subject-matter, because the amount in dispute was less than $2,000, and an answer, admitting that the complainant was the owner of the said premises, but prior to January 1, 1879, defendant denied that he ever acted as agent for the purposes mentioned in the bill, and averred that in November, 1878, he purchased the said premises from the complainant, and has since been in possession as owner, and that complainant has no interest therein, and never previously claimed any. The answer further averred that this bill was really an ejectment bill, and that complainant has a remedy at law; that the value of the property is not $2,000, and hence the court had no jurisdiction; it was assessed for taxation at $800, and was mortgaged for $800, and rented for $12 a month; that the receipts have been less than $2,000; and that the expenditure was $900.

Harvey & Hoffman and Mark Wilks-Collet, for complainant.
Bradbury Bedell, for defendant.

DALLAS, Circuit Judge. The bill in this case, which prays for an accounting by the defendant, alleges upon information and belief, the fact being peculiarly within the knowledge of the defendant, that the amount in controversy (the balance claimed) exceeds the sum of $2,000. The defendant, by plea, asserts the contrary. This plea, if true, is a good one. It challenges the jurisdiction of the court. The plaintiff, however, is entitled to have the issue of fact thus presented determined; and it is manifest that this should be done, if possible, before the litigation is further proceeded with. The burden is upon the plaintiff, and one means by which he may meet it—perhaps the only one in this case—is by asserting his right to complete discovery from the defendant with respect thereto.

This he·has done by filing five specific interrogatories, all of which are plainly pertinent to·the averment of the plea; but the defendant, though he has filed an answer in support of his plea, has refused to reply to any of the interrogatories. I think he should be required to do so, and that all other questions should be reserved pending his compliance with that requirement. Accordingly, January 15, 1895, it is ordered that: (1) The defendant shall, within 10 days from this date, answer each and all of the interrogatories contained in the bill. (2) All other matters are reserved until the coming in of the said answers, with leave to either party to then move as he may be advised.